CRIMINAL COMPLAINT
(Submitted electronically)

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| United States of America<br>v.<br>**Alexandra Joselyn Romero**<br>YOB: 2003; United States Citizen | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>25-01082MJ |

Complaint for violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii)

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**
On or about September 8, 2025, at or near Nogales, in the District of Arizona, **Alexandra Joselyn Romero** did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**
On September 8, 2025, at approximately 8:13 a.m., Alexandra Joselyn ROMERO attempted to enter the United States via the DeConcini Port of Entry in Nogales, Arizona. ROMERO was the driver and the registered owner of a 2008 Honda Accord bearing an Arizona temporary license plate. ROMERO was accompanied by her two minor children. During the primary inspection, ROMERO said she was driving from her mother's house in Nogales, Sonora, Mexico, to Nogales, Arizona, to have her children vaccinated. ROMERO said that after that, she would go to Tucson to pick up paperwork regarding the reissuance of birth certificates for herself and her children. ROMERO made a binding negative declaration for firearms, ammunition, narcotics, and currency. During a secondary inspection, ROMERO told a Customs and Border Protection (CBP) officer that she was taking her children to Tucson. Officers x-rayed the vehicle and observed anomalies in the x-ray images. A CBP canine, trained to detect the odor of narcotics, alerted to a trained odor emanating from the vehicle. Officers searched the vehicle and found 45 packages of suspected narcotics concealed on the floorboard and inside a non-factory void in the front passenger side rocker panel. A representative sample of the contents of the packages was field tested and yielded positive results for the properties of methamphetamine. The packages of methamphetamine weighed 21.04 kilograms.

After waiving her *Miranda* rights, ROMERO stated she was crossing to pick up medication at a clinic in Nogales, Arizona. ROMERO stated that she was then planning to drive to Phoenix, Arizona, with her two children, to visit a male friend at an unidentified hotel. ROMERO said her boyfriend purchased the Accord for her approximately three and a half weeks ago. ROMERO gave conflicting statements during her interview. Once, ROMERO stated her boyfriend took the Accord the previous night to fix the front bumper from a crash that had occurred one week before. Later, ROMERO said her boyfriend took the Accord from her the previous night to change a light. ROMERO said that she is the only person with a key to the Accord. ROMERO said she is aware of her boyfriend being around drugs and her boyfriend had asked her to cross drugs into the U.S. before, but she hasn't done so.

CONTINUED ON NEXT PAGE

**MATERIAL WITNESSES IN RELATION TO THE CHARGE:**

| DETENTION REQUESTED<br>Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>**WILLIAM T COLLINS** Digitally signed by WILLIAM T COLLINS<br>Date: 2025.09.09 10:24:09 -07'00'<br>OFFICIAL TITLE<br>Special Agent Todd Collins<br>Homeland Security Investigations |
|---|---|
| Sworn to telephonically. | |
| SIGNATURE OF MAGISTRATE JUDGE[1]<br>*/s/ Lynnette C. Kimmins* | DATE<br>September 9, 2025 |
| 1) See Federal Rules of Criminal Procedure Rules 3, 4.1 and 54 | |

Reviewed by AUSA Berman

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED CONTINUED:**

ROMERO said her boyfriend has previously threatened her and her father if she didn't do what he asked. ROMERO claimed no knowledge of the methamphetamine inside her vehicle when she crossed into the U.S.

Law enforcement officers noted that the placement of the packages underneath the carpeting on the floor would have almost certainly been able to be felt by the driver, ROMERO, because the contours and density of the packaging was starkly different than that of a flat metal floor panel. Also, officers noted that the way the drugs were concealed required unlocked access to the interior of the vehicle.



